IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RA' SHEEN J. BROWN,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO. 24-CV-1019<br>:<br>:<br>: |

**ORDER**

AND NOW, this 17th day of April, 2024, upon consideration of Plaintiff Ra' Sheen J. Brown's Complaint (ECF No. 1), it is **ORDERED** that:

1.      For the reasons stated in the Court's Memorandum, certain of Brown's claims are dismissed as follows:

    a.      Brown's claims against the following Defendants in their individual capacities are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim based on absolute prosecutorial immunity: (1) former Philadelphia District Attorney Seth Williams; (2) John or Jane Doe #1, a supervisor in the District Attorney's Office for the City of Philadelphia; (3), Assistant District Attorney Carolyn Naylor; (4) John or Jane Doe #2, a supervisor in the Appeals Unit of the District Attorney's Office for the City of Philadelphia; and (5) Assistant District Attorney Hugh Burns, Appeals Unit.

    b.      Brown's official capacity claims against the following Defendants are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim: (1) John or Jane Doe #1, a supervisor in the District Attorney's Office for the City of Philadelphia; (2), Assistant District Attorney Carolyn Naylor; (3) John or Jane Doe #2, a supervisor in the Appeals Unit of the District Attorney's Office for the City of Philadelphia; and (4) Assistant District Attorney Hugh Burns, Appeals Unit.

c. All claims based on violations of the Pennsylvania constitution and state tort law are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

2. The Clerk of Court is **DIRECTED** to **TERMINATE** Carolyn Naylor, Hugh Burns, and John or Jane Does #1-2, as Defendants in this case.

3. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) on Brown's *Monell* claims against the City of Philadelphia and former District Attorney Seth Williams in his official capacity **only**. The U.S. Marshal Service will not collect a fee for serving the summons and Complaint pending further order of the Court.

4. Service will proceed against the following Defendants:

   a. City of Philadelphia

   b. Former District Attorney Seth Williams

5. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of the Court's Memorandum and this Order to Brown, together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph four (4) of this Order.[1] The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

6. To proceed with service, Brown must complete a USM-285 Form for each Defendant listed in paragraph four (4) and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Brown completes and returns these forms.

---

[1] This form is available online at
https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

7. In completing the USM-285 Form(s), Brown is instructed as follows:

   a. Brown should complete a separate USM-285 Form for each Defendant listed in paragraph four (4) of this Order. Only one Defendant's name should appear on each USM-285 Form.

   b. Brown shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph four (4) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

   c. Brown should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

   d. Brown must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is Brown's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants. *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

   e. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Brown's claims against any such Defendant.

8. Brown is cautioned that failure to return the completed USM-285 Form(s) in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

9. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Brown returns in this case.

10. The Clerk of Court is **DIRECTED** not to issue summonses at this time.  The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

         BY THE COURT:

         s/ Michael M. Baylson

         _____
         **MICHAEL M. BAYLSON, J.**